IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMADO C. GARCIA**,<br><br>        Plaintiff,<br><br>    v.<br><br>**PHH MORTGAGE CORPORATION**, d/b/a PHH Mortgage Services; **NATIONS DIRECT MORTGAGE, LLC**; and **CLEAR RECON CORP**,<br><br>        Defendants. | Case No. 3:25-cv-00774-IM<br><br>**OPINION AND ORDER DENYING MOTION TO REMAND** |

Hope Del Carlo, Elemental Law LLC, 7805 SW 40th Avenue #19025, Portland, OR 97280. Attorney for Plaintiff.

Emilie K. Edling, Houser LLP, 10260 SW Greenburg Road, Suite 400, Portland, OR 97223. Attorney for Defendants PHH Mortgage Corporation and Nations Direct Mortgage, LLC.

**IMMERGUT, District Judge.**

This matter is before the Court on a Motion to Remand ("Mot.") filed by Plaintiff Amado Garcia, ECF 6. Defendants PHH Mortgage Corporation and Nations Direct Mortgage, LLC, filed an opposition ("Opp'n"), ECF 13, to which Plaintiff replied, ECF 19.

PAGE 1 – OPINION & ORDER DENYING MOTION TO REMAND

Plaintiff contends this Court lacks subject-matter jurisdiction because both the Plaintiff and one of the Defendants, Clear Recon Corp,[1] are Oregon citizens. Mot., ECF 6 at 6. This Court finds that Clear Recon is a nominal party whose presence in this case does not affect the diversity analysis. Diversity jurisdiction exists in this action because Plaintiff is completely diverse from all other real parties. This Court therefore DENIES Plaintiff's motion to remand.

## BACKGROUND

Plaintiff purchased a house in Portland, Oregon, in July 2023 with a loan originated from Defendant Nations Direct Mortgage, LLC. First Amended Complaint ("FAC"), ECF 1-3 ¶ 6. He alleges that he has made timely payments by mail every month from September 2023 through January 2025. *Id.*

In February 2025, Nations Direct Mortgage and Defendant PHH Mortgage Corporation, a loan servicer, mailed Plaintiff a notice stating that he was delinquent on his payments in the amount of $21,260.54. *Id.* ¶ 7. That letter stated that Plaintiff had not made any payments on his mortgage since June 2024 and that his loan had been referred to an attorney to initiate foreclosure proceedings. Declaration of Amado Garcia, ECF 8 ¶ 6. Plaintiff has not made any payments on his mortgage since the letter because he concluded his payments were not being received, accounted for, or accurately applied. *Id.* ¶ 7.

Plaintiff filed suit against Nations Direct and PHH Mortgage in Multnomah County Circuit Court in April 2025, bringing claims under the Oregon Unlawful Trade Practices Act, the Oregon Elderly Persons and Persons with Disabilities Abuse Prevention Act, and the Oregon Unlawful Debt Collection Practices Act. Complaint, ECF 1-2. Plaintiff amended his complaint in

---

[1] Clear Recon has not appeared and did not file its own opposition to remand, but submitted a declaration in support of the other Defendants' motion. ECF 14.

state court on May 5, 2025, to add Defendant Clear Recon. FAC, ECF 1-3. Clear Recon is "the foreclosure trustee that has been retained to initiate a non-judicial foreclosure against Mr. Garcia's home." *Id.* ¶ 4.

Defendants timely removed this action on May 7, 2025, invoking diversity jurisdiction. Notice of Removal, ECF 1 at 2 (citing 28 U.S.C. § 1332). Plaintiff now moves to remand under 28 U.S.C. § 1447(c), arguing this Court lacks subject-matter jurisdiction. Mot., ECF 6.

## STANDARDS

Removal of an action originally filed in state court is proper if the plaintiff could have brought the action in federal court in the first instance. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity," meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A plaintiff may challenge the removal of an action to federal court by moving to remand. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Courts strictly construe § 1441 against removal and resolve any doubts in favor of remanding the case to state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). A "defendant seeking removal has the burden to establish that removal is proper." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

## DISCUSSION

Plaintiff moves to remand on the basis that Plaintiff and Defendant Clear Recon Corp are both Oregon citizens, so complete diversity between Plaintiff and Defendants does not exist.

PAGE 3 – OPINION & ORDER DENYING MOTION TO REMAND

Mot., ECF 6 at 6. Defendants contend that Plaintiff "has not made any substantive allegation against" Clear Recon and that Clear Recon is "at most a nominal party that must be disregarded for purposes of diversity." Opp'n, ECF 13 at 7–8. This Court agrees that Clear Recon is a nominal party and denies the Motion to Remand.

In determining diversity jurisdiction, courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). A nominal party is one who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (citation omitted). "The paradigmatic nominal defendant is 'a trustee . . . joined purely as a means of facilitating collection.'" *Id.* (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). Since a trustee "has no legitimate claim to the disputed property," it is "unnecessary to obtain subject matter jurisdiction over" it to adjudicate the case. *Id.*

Plaintiff alleges that Clear Recon is acting as a foreclosure trustee, FAC, ECF 1-3 ¶ 4, and seeks injunctive relief preventing Clear Recon from initiating the foreclosure, *id.* ¶ 15. Plaintiff's Complaint does not, however, contain any allegations of wrongdoing by Clear Recon or bring any damages claims against it. *Cf. Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1004 (N.D. Cal. 2013) (concluding a trustee was not a nominal defendant where the complaint included substantive allegations and asserted damages claims against the trustee). Instead, Clear Recon is named solely in its capacity as a trustee.[2]

---

[2] Clear Recon declares that, although it received a referral from PHH Mortgage to act as a trustee, it has not filed a substitution of trustee to replace the current trustee of record, Chicago Title of Oregon, so it is not yet formally the foreclosure trustee in this action. Declaration of Tammy Laird, ECF 14 ¶¶ 7–10. This does not affect the jurisdictional analysis because Chicago

PAGE 4 – OPINION & ORDER DENYING MOTION TO REMAND

As a trustee, Clear Recon does not possess "its own interests respecting the primary issue" in this suit. *Prudential Real Est. Affs., Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). It acts as an agent of PHH Mortgage and has "no stake in the outcome except to be released of [its] charge." *Id.*; *see* Declaration of Tammy Laird, ECF 14 ¶¶ 7–8 (describing how Clear Recon obeyed instructions from PHH Mortgage regarding the subject property). Courts have routinely concluded that trustees in similar positions are nominal defendants. *See, e.g.*, *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) (concluding a defendant named solely as a trustee with no allegations of wrongdoing was a nominal defendant); *Dempsey v. Transouth Mortg. Corp.*, 88 F. Supp. 2d 482, 484 (W.D.N.C. 1999) (same); *Asare-Antwi v. Wells Fargo, N.A.*, No. SACV 19-00887, 2019 WL 3073942, at *4 (C.D. Cal. July 15, 2019) (concluding a foreclosure trustee was a nominal party where there were "no allegations to suggest that Clear Recon . . . acted for its own personal advantage"); *see also* *Ogamba v. Wells Fargo Bank, N.A.*, No. 17-cv-1754, 2017 WL 4251124, at *3 (E.D. Cal. Sept. 26, 2017) (concluding a foreclosure trustee was fraudulently joined because "Clear Recon's role here was only that of a foreclosure sale's trustee with limited statutory duties"). As a nominal party, Clear Recon's citizenship does not count for purposes of diversity jurisdiction.[3]

Plaintiff argues that state law requires that he join Clear Recon as a party because he is requesting an order enjoining a non-judicial foreclosure. Mot., ECF 6 at 5–6 (citing O.R.S. 86.713(4)). But this requirement does not mean that Clear Recon has an interest in this case.

---

Title Company of Oregon is also an Oregon citizen, Declaration of Hope Del Carlo, ECF 7 ¶ 5 & Ex. D, and Clear Recon would be a nominal party even if it had filed a substitution of trustee.

[3] Defendant also argues that Clear Recon was fraudulently joined to defeat diversity jurisdiction. Opp'n, ECF 13 at 4–7. Because the Court finds that Clear Recon is a nominal defendant, it does not reach that argument.

PAGE 5 – OPINION & ORDER DENYING MOTION TO REMAND

Determining nominal party status "is a practical inquiry, focused on the particular facts and circumstances of a case." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). A party may be a nominal party "despite the propriety of their technical joinder," *Strotek Corp. v. Air Transp. Ass'n*, 300 F.3d 1129, 1133 (9th Cir. 2002), such as when a party is named only "to satisfy state pleading rules," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005). Even if state law requires joinder of a trustee, a party who is "merely joined to perform the ministerial act of conveying the title" is a nominal party because it lacks any interest in the action. *Prudential Real Est.*, 204 F.3d at 873.

Under the circumstances of this case, where Plaintiff does not make any substantive allegations against Clear Recon or seek any damages, it is a nominal party despite state law requiring its joinder. Because the remaining Defendants are completely diverse from Plaintiff, removal was proper.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand, ECF 6, is DENIED.

**IT IS SO ORDERED.**

DATED this 10th day of July, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge